OPINION.

MILLIKEN: In the absence of any evidence respecting the disallowance of the rent deduction, we need only consider the propriety of the disallowance of the deduction of $5,000 alleged to have been sustained as a loss in 1920 on the sale of real estate. The petitioner's contention is that it purchased the church property in question from F. B. T. Hollenberg, in 1916, and thereafter sold it back to the stockholders during 1916 or 1917, retaining the liability to deliver the pipe organ, which liability resulted in a loss in the year 1920, when the settlement was made therefor with the First Presbyterian Church. The resolution of January 11, 1916, together with the resolution of February 6, 1917, and the oral testimony, tended to show that the petitioner did purchase the property from Hollenberg pursuant to the oral agreement existing between them. However, it is not clear that the later disposition of petitioner's interest constituted a sale. The petitioner apparently considers the 24 per cent dividend declared by the resolution of February 6, 1917, to be a cash dividend and that the stockholders took the real estate in lieu of the cash due them thereunder. However, the resolution, as interpreted by the parties, authorizes the distribution of its interest in real estate and of certain stock (whether in the petitioner corporation or the proposed new corporation, is uncertain).

The oral testimony indicates that the parties involved considered the steps taken to dispose of the property interest to be a sale, but the record does not disclose just what took place. It is evident that no clear distinction was made between the petitioner corporation and the individuals who were its stockholders. This confusion of interests is reflected in the testimony, making it impossible to draw therefrom a comprehensive understanding of the plan worked out by petitioner. If, as the resolution of February 6, 1917, indicates, the petitioner merely distributed the property interest along with other dividends, we are unable to see that loss, contingent or otherwise, resulted from the distribution. Since we are unable to find as a fact that a sale was made, we need not further consider the petitioner's contention that it sustained a $5,000 loss in 1920.

*Judgment will be entered for the respondent.*

---

FRED McJUNKIN, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 8248.   Promulgated March 9, 1927.

W. W. *Rankin*, *Esq.*, for the petitioner.
George G. *Witter*, *Esq.*, for the respondent.

Petitioner appeals from the determination of a deficiency of $729.63 in income tax for 1924, only a portion of which is in dispute.

### FINDINGS OF FACT.

For the calendar year 1924 petitioner returned as taxable income from a partnership whose fiscal year ended October 31, 1924, the amount of $54,637.69. One-sixth of this amount, $9,106.28, was prorated to the calendar year 1923 and the balance to the calendar year 1924, and this proration was accepted as correct by the Commissioner in his computation of the deficiency. In computing the deficiency the Commissioner included a tax upon $9,106.28 at the rates prescribed by the Revenue Act of 1921 for the year 1923 and refused to allow the petitioner a credit for 25 per cent of the tax so computed, which credit was claimed by the petitioner under section 1200 of the Revenue Act of 1924.

### OPINION.

PHILLIPS: The decision in this case must be adverse to the petitioner, being governed by the decision of the Board in the *Appeal of Colip*, 5 B. T. A. 123.

*Decision will be entered for the respondent.*

---

### CHARLES J. COULTER, JR., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 8181.     Promulgated March 9, 1927.

*Russell L. Bradford, Esq.*, for the petitioner.
*W. Frank Gibbs, Esq.*, for the respondent.

LITTLETON: The Commissioner determined a deficiency in income tax of $115.81 for the calendar year 1920. Petitioner claims that the Commissioner erred (1) in including as taxable income to him as a beneficiary of a trust created by the will of Charles J. Coulter, Sr., the amount of $3,221.76, representing that portion of the income of the estate of the said Charles J. Coulter, Sr., which had accrued between January and August 31, 1920, but had not been collected or paid by the trustees to his aunt, who was a life beneficiary in two-fifths of the income of the said estate and who died on August 31, 1920, and (2) in including as taxable income to him the amount of $378.41, representing that portion of the income of the estate of his aunt, under whose will he was the sole beneficiary, received by the executor during the first four months of the administration of the said estate, which amount was neither paid nor credited to him.